# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2016-0620, <u>State of New Hampshire v. Robert Williams</u>, the court on October 27, 2017, issued the following order:**

Having considered brief filed by the defendant, Robert Williams, the memorandum of law filed by the State, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant appeals his conviction following a jury trial in Superior Court (<u>Abramson</u>, J.) on one count of domestic violence. On appeal, he argues that the trial court erred by denying his motion <u>in</u> <u>limine</u> to exclude certain evidence under New Hampshire Rule of Evidence 404(b). We affirm.

The decision of whether to admit evidence of prior bad acts lies within the discretion of the trial court. <u>State v. Davidson</u>, 163 N.H. 462, 467 (2012). We will reverse the trial court's decision only if the defendant can demonstrate that it was clearly unreasonable or untenable to the prejudice of his case. <u>Id</u>.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

<u>N.H. R. Ev.</u> 404(b). To be admissible under Rule 404(b): (1) evidence must be relevant for a purpose other than to prove the defendant's character or disposition; (2) there must be clear proof that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by its unfair prejudice to the defendant. <u>Davidson</u>, 163 N.H. at 469.

In this case, before trial, the defendant moved <u>in</u> <u>limine</u> to exclude under Rule 404(b) evidence that: (1) he is "possessive and controlling"; and (2) he "attempted to gain access to [the victim']s phone on prior occasions and became upset when he could not." The State objected, arguing that the challenged evidence was relevant "to demonstrate why [the victim] did not report the incident immediately." The trial court denied the defendant's motion, stating that it would allow the victim and the defendant, if he took the stand, "to testify as to any relationship dynamics contributing to the events immediately preceding the alleged [assault]."

At trial, very little of the evidence identified in the defendant's motion in limine was admitted into evidence. Over the defendant's relevancy objection, the victim was allowed to testify that, when her father purchased a cellular telephone for her that had prepaid minutes on it, the defendant told her that "if [her] dad was going to start paying for everything, then maybe Daddy should be paying more." According to the victim, once her cellular telephone was activated, the defendant said that "he did not want to hear that thing go off, or else." The victim testified as well, without objection, that the phone was protected by a passcode, that the defendant asked for that passcode, and that she refused to give it to him.

Although the victim was asked how the defendant responded to her refusal to give him her passcode, the trial court sustained his relevancy objection to the question. Thus, at trial, no evidence was admitted that the defendant became upset when he could not gain access to the victim's cellular telephone.

For his part, the defendant testified that "back when [the victim] was on [his] cell phone plan," in April 2015, "he asked for her phone and . . . there was a passcode on it and she would refuse to give [him] the passcode." He also testified that he was not upset when he heard the victim's cellular telephone ring because he "really didn't hear it ring that much."

Additionally, very little evidence about the defendant's "possessive and controlling" nature was admitted. At trial, the victim was allowed to testify, over the defendant's relevancy objection, that she was "[n]ot really" allowed to use his truck and that if she wanted to use the truck, she had to ask him and could not "just grab the keys and go" because "[i]t was his vehicle." Moreover, the victim agreed, when questioned, that, "in general, if [she] went away somewhere, . . . [she had] to tell [the defendant] where [she] was." She testified that "[i]f [she] went to [her] parents' home, [she'd] have to tell [the defendant] that [she] was going there and [she'd] have to tell him when [she'd] be back." The victim also testified that if she was going to be late, "[she'd] get accused."

Given the nature of the challenged evidence admitted at trial, we conclude that the defendant has failed to demonstrate that its admission was clearly unreasonable or untenable to the prejudice of his case. See Davidson, 163 N.H. at 467.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

2